## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MILFORD CONNECTICUT ASSOC., L.P.,
  Proposed Appellant,

v.

MERCURY CAPITAL CORPORATION,
  Proposed Appellee.

CIVIL ACTION NO.

3:08mc107 (SRU)

## MEMORANDUM OF DECISION

  Pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001 and 8003 the debtor and

proposed appellant, Milford Connecticut Association, L.P. ("Debtor"), moves to appeal the order

of the United States Bankruptcy Court (Dabrowski, C.J.), denying confirmation of the Debtor's

reorganization plan.  For reasons that follow, the Debtor's motion is denied.

**I.  Background**

  On February 2, 2004, the Debtor filed for bankruptcy.  Both Mercury Capital Corporation

("Mercury"), the Debtor's largest secured creditor, and the Debtor, submitted plans of

reorganization.  On November 9, 2005, the Bankruptcy Court issued an order holding that both

plans were confirmable, but ultimately confirmed the Debtor's plan over the Mercury plan.

Mercury appealed.  For reasons set forth in a decision issued October 12, 2006, I vacated the

Bankruptcy Court's confirmation order and remanded the case for further proceedings.  *Mercury*

*Capital Corp. v. Milford Conn. Assocs., L.P.*, 354 B.R. 1 (D. Conn. 2006) ("*Mercury I*").  On

remand, I ordered the Bankruptcy Court to consider at least four questions:

> (1) does the Debtor's plan, by extinguishing Mercury's pre-petition
> guarantees, comply with the best interests of the creditors test as set forth in
> 11 U.S.C. § 1129(a)(7); (2) should the Debtor's plan include a provision that
> requires USLR, the Debtor's general partner, to fund the plan; (3) is the
> Debtor's plan's different treatment of Mercury's and Milford's claims

justified because of the different nature of the relative claims; and (4) is the
interest rate payable to Mercury fair and equitable as defined by 11 U.S.C. §
1129(b)(1).

*Mercury I*, 354 B.R. at 14.  Most of the facts relevant to the instant motion are set forth in

*Mercury I*, and I assume familiarity with that decision.

The Bankruptcy Court then held proceedings on remand.  Although it had previously

confirmed the Debtor's plan, the Bankruptcy Court issued a decision, on March 10, 2008,

denying confirmation of the same.  *In re Milford Conn. Assocs., L.P.*, 2008 Bankr. LEXIS 722

(Bankr. D. Conn. 2008).  In holding that the Debtor's plan was not feasible pursuant to Section

1129(a)(11), the Bankruptcy Court engaged in a "fresh analysis of the Debtor's plan." *Id*. at *6.

The Court observed that the "key component of the Debtor's plan was the provision of a 30-

month period within which it was to enjoy an exclusive right to sell" the real property in

question.  *Id*. at *2.  The Court reasoned that, in light of "the history of the Debtor, and its

relationship with its creditors, the court's confirmation of the Debtor's plan was, *inter alia*, an

endorsement of the concept that the Debtor would enjoy a generous, *but time-limited*, opportunity

to market the property." *Id*. at *7 (emphasis in original).  The Court continued that:

> As of the date of the Status Conference, the Debtor had enjoyed the benefit of
> 27 of the 30 months of exclusive marketing provided for in its Plan, in effect
> permitting the Debtor to realize the intended benefits of its Plan despite the
> pendency of the Appeal.  Nevertheless, it appears that the Debtor has engaged
> in no meaningful effort to market or sell the Real Property, and has utterly
> failed to advantage itself of the generous sale opportunity provided during the
> last 27 months.  At the Status Conference the Debtor conceded that it would
> be unable to consummate its plan within the remaining period of the
> marketing window stated in the Debtor's Plan.  The current inability of the
> Debtor to complete a timely sale of the Property within the original
> time-frame of the Debtor's Plan is a failure which the Court views to be
> singularly of the Debtor's own making.  It was uncontested that (i) there is no
> marketing signage upon the Real Property; (ii) the Real Property is not listed

with a Multiple Listing Service; and (iii) the Debtor has not applied to this
Court for authority to employ a real estate broker. Accordingly, it is presently
crystal clear that the Debtor, as a plan proponent, has not and can not
establish that its Plan offers a reasonable assurance of success, and, thereby,
satisfy the feasibility requisite of Section 1129(a)(11).

*Id*. at *6-8 (internal citation and quotations omitted).

The Debtor now moves for leave to appeal the Bankruptcy Court's order denying

confirmation of its plan on remand. The Debtor presents several issues for review on this appeal,

which can be distilled, essentially, to two broad issues: (1) did the Bankruptcy Court violate the

"mandate rule" by failing to address the particular questions presented on remand; and (2) did the

Bankruptcy Court err by not holding an evidentiary hearing, and by basing its decision on

information outside the closed record.

## II.      Standard for Granting Leave to Appeal

A party may seek an interlocutory appeal of orders and decrees of the Bankruptcy Court

"with leave of the [district] court." 28 U.S.C. § 158 (a)(3). "The standard for determining

whether leave to appeal from an interlocutory bankruptcy order should be granted, in turn, is

given by 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the

courts of appeal." *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS

6186, *12-13 (S.D.N.Y. 2002). Pursuant to section 1292(b), "leave to appeal from an

interlocutory order will be granted only if (1) the order involves a controlling question of law (2)

as to which there is a substantial ground for difference of opinion and (3) an immediate appeal

would materially advance the ultimate termination of the litigation." *Id*. at *13. "[O]nly

exceptional circumstances will justify a departure from the basic policy of postponing appellate

review until after the entry of a final judgment." *Id*.

## III.    Discussion

For reasons that follow, the Debtor's arguments are without merit, and thus fail to satisfy the second element of its motion for leave to file an interlocutory appeal.

<u>Mandate Rule</u>

On remand, the Bankruptcy Court held that the Debtor's plan to market and sell the property within 30 months was not feasible given the Debtor's utter failure to make any attempt to sell the property in the past 27 months.  The Debtor now contends that the Bankruptcy Court's decision violates the mandate rule[1] because the Court did not limit its review to the four questions specifically presented on remand, but instead considered the issue anew.

The Debtor, however, misconstrues the holding in *Mercury I*.  That decision indeed posed several questions for the Bankruptcy Court's consideration.  Nowhere in *Mercury I*, however, did I limit the Bankruptcy Court to considering *only* those questions.  To the contrary, the decision vacated and remanded the Bankruptcy Court's prior confirmation order, *Mercury I*, 354 B.R. at **32, and expressly noted that "the Bankruptcy Court should hold a hearing on *at least* [those]

---

[1] Bankruptcy Courts have must adhere to the "mandate rule." *Jamaica Shipping Co. v. Orient Shipping Rotterdam, B.V. (In re Millenium Seacarriers, Inc.)*, 458 F.3d 92, 97 (2d Cir. 2006).  "The mandate rule is a branch of the law-of-the-case doctrine." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006).  The mandate rule provides "that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *United States v. Minicone*, 994 F.2d 86, 89 (2d Cir. 1993).  "In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.  Of course, there is a corollary to this rule – if an issue was not part of the appellate decision, a trial court may consider the matter." *Minicone*, 994 F.2d at 89 (internal citation and quotation marks omitted).  "Put differently, when an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." *Burrell*, 467 F.3d at 165 (internal quotations omitted).  "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader 'spirit of the mandate.'" *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001).

few specific issues." *Mercury I*, 354 B.R. at **12 (emphasis added). After the Bankruptcy Court held that the Debtor's plan was not feasible, there was no need to answer the questions presented on remand – such an exercise would have been futile.

Moreover, nothing in *Mercury I* prohibited the Court from denying confirmation to the Debtor's plan. I did not, for example, remand the case with instructions to again enter judgment for the Debtor and simply provide reasons for the judgment. To the contrary, the Bankruptcy Court quite properly reconsidered the feasibility of the plan on remand and correctly noted that circumstances had changed since the first confirmation proceedings; indeed, the argument for an interlocutory appeal would be stronger if the Bankruptcy Court had *not* considered the feasibility of the plan on remand. As such, the Bankruptcy Court fully complied with both the letter, and more importantly, "the broader spirit of the mandate." *Ben Zvi*, 242 F.3d at 95 (internal quotations omitted).

<u>Consideration of the Past 27 Months</u>

The Debtor also contends that the Bankruptcy Court improperly considered, in its analysis of the feasibility of the plan, evidence outside the record that was established at the first confirmation hearing. Specifically, the Debtor objects to the Court's consideration of the Debtor's complete failure to make any effort to market and sell the property during the 27 months that the litigation was pending. The Debtor further contends that the Bankruptcy Court should have held an evidentiary hearing.

Nothing in *Mercury I*, however, prohibited the Bankruptcy Court from considering the issue anew, or from considering the present reality. To the contrary, *Mercury I* mandated that the Bankruptcy Court hold further proceedings. The Bankruptcy Court did so, and based its

determination that the plan was not feasible upon evidence that was uncontested.

## IV.    Conclusion

Because *Mercury I* did not expressly or impliedly require the Bankruptcy Court to reconfirm the Debtor's plan, and because *Mercury I* did not expressly or impliedly limit the Bankruptcy Court's consideration of whether to reconfirm the Debtor's plan to the four questions presented on remand, the Bankruptcy Court did not violate the mandate rule. In addition, the Bankruptcy Court properly considered new evidence on remand. As such, the Debtor's arguments are without merit and its motion to appeal the Bankruptcy Court's order **(doc. #1)** is DENIED.

The clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of May 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge